UNITED STATES FEDERAL COURT
FOR THE FIRST CIRCUIT
EASTERN MASSACHUSETTS DIVISION

_____
NASSER SADRI                            )
                                        )
            Plaintiff                   )   Civil Action No.
v.                                      )
                                        )   0412640 RCL
DENIS RIORDAN, DISTRICT                 )
DIRECTOR OF THE UNITED STATES           )
CITIZENSHIP AND IMMIGRATION             )
SERVICES OF THE DEPARTMENT OF           )
HOMELAND SECURITY;                      )
JOHN ASHCROFT, ATTORNEY GENERAL )
OF THE UNITED STATES; and               )
THE DEPARTMENT OF                       )
HOMELAND SECURITY                       )
                                        )
            Defendants                  )
                                        )
_____)

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Nasser Sadri, hereby respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 55 and 28 USC secs. 2201, 1331, and 1361 to issue a Default judgment according to Plaintiff's Prayers in his Complaint for a Writ of Mandamus. Plaintiff further requests that the Court order Defendants and those working for them, to perform in order to redress the deprivation of rights, privileges and immunities secured to Plaintiff. As support for his motion, Plaintiff submits his affidavit as well as a short factual background contained in the current document.

## FACTUAL BACKGROUND

On October 1, 2001, Plaintiff appeared at Defendant, District Director's Place of Business for a Naturalization Interview. After being interviewed, he was told that he had passed the "test" and that he would be notified of a date for an oath ceremony. He has never been notified.

Following numerous inquiries, on November 26, 2004, Plaintiff, through counsel, filed a complaint for a Writ of Mandamus against Defendant with the First Circuit of the Federal District Court, in Eastern Massachusetts, docket no. 0412640 RCL. On January 3, 2005, via a Special Process Server, Plaintiff served a Summons along with a copy of Complaint for a Writ of Mandamus, on Defendant, the District Director at USCIS. Defendants failed to respond.

On March 25, 2005, almost three months after service of process, Plaintiff asked the Court to issue a Default judgment pursuant to Fed. R. Civ. P. 55. The Court then extended the Defendants' time for response by another sixty days. As of the date of this Motion, more than 160 days have passed since Plaintiff caused service of the Summons on Defendants.

## CONCLUSION

Plaintiff moves this Honorable Court to find Defendant in default for their failure to submit responsive pleadings in a timely manner.

Respectfully submitted,

/s/ Benjamin B. Tariri, Esq.
a/k/a Ben Tahriri,
 Plaintiff's attorney
BBO # 652042
343 Washington St.
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020

UNITED STATES FEDERAL COURT
FOR THE FIRST CIRCUIT
EASTERN MASSACHUSETTS DIVISION

| | |
|---|---|
| NASSER SADRI )<br>)<br>      Plaintiff    )<br>v.                          )<br>                              )<br>DENIS RIORDAN, DISTRICT )<br>DIRECTOR OF THE UNITED STATES )<br>CITIZENSHIP AND IMMIGRATION )<br>SERVICES OF THE DEPARTMENT OF )<br>HOMELAND SECURITY;       )<br>JOHN ASHCROFT, ATTORNEY GENERAL )<br>OF THE UNITED STATES; and  )<br>THE DEPARTMENT OF        )<br>HOMELAND SECURITY        )<br>                              )<br>      Defendants    )<br>                              )  | Civil Action No.<br><br>0412640 RCL |

**MOTION FOR DECLARATORY JUDGMENT**

Plaintiff, Nasser Sadri, hereby respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 57 and 28 USC secs. 2201, 1331, and 1361 to issue a Declaratory judgment according to Plaintiff's Prayers in his Complaint for a Writ of Mandamus. Plaintiff further requests that the Court order Defendants and those working for them, to perform in order to redress the deprivation of rights, privileges and immunities secured to Plaintiff. Plaintiff states that he does not have a remedy in law and as support for his motion, Plaintiff submits his affidavit as well as a short factual background contained in the current document.

## FACTUAL BACKGROUND

On October 1, 2001, Plaintiff appeared at Defendant, District Director's Place of Business for a Naturalization Interview. After being interviewed, he was told that he had passed the "test" and that he would be notified of a date for an oath ceremony. He has never been notified.

Following numerous inquiries, on November 26, 2004, Plaintiff, through counsel, filed a complaint for a Writ of Mandamus against Defendant with the First Circuit of the Federal District Court, in Eastern Massachusetts, docket no. 0412640 RCL. On January 3, 2005, via a Special Process Server, Plaintiff served a Summons along with a copy of Complaint for a Writ of Mandamus, on Defendant, the District Director at USCIS. Defendants failed to respond.

On March 25, 2005, almost three months after service of process, Plaintiff asked the Court to issue a Default judgment pursuant to Fed. R. Civ. P. 55. The Court then extended the Defendants' time for response by another sixty days. As of the date of this Motion, more than 160 days have passed since Plaintiff caused service of the Summons on Defendants.

## CONCLUSION

Plaintiff moves this Honorable Court to declare that,

(1) Defendants have failed to timely respond to Plaintiff's Complaint for a Writ of Mandamus;

(2) Plaintiff shall be Naturalized fortwith by an Order of this Court; and

(3) Plaintiff is by law entitled to compensation for all his financial damages, including but not limited to: compensation for legal costs and attorney's fees; compensation for time spent over the last four years, and the costs of his efforts pursuing this matter.

Respectfully submitted,

/s/ Benjamin B. Tariri, Esq.

                    a/k/a Ben Tahriri,
                    Plaintiff's attorney
                    BBO # 652042
                    343 Washington St.
                    Newton, MA 02458
                    Tel: (617) 965-1090
                    Fax: (617) 965-5020

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **NASSER SADRI** | ) | |
| **Plaintiff** | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| **DENIS RIORDAN, DISTRICT DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES OF THE DEPARTMENT OF HOMELAND SECURITY; JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES; and THE DEPARTMENT OF HOMELAND SECURITY** | ) ) ) ) ) ) ) ) ) ) | 0412640 RCL |
| **Defendants** | ) ) | |

STANDING ORDER REGARDING
<u>MOTIONS FOR DEFAULT JUDGMENT</u>

_____, D.J.

  A Notice of Default has been issued to the above named defendant(s) upon request of the plaintiff(s) in the above entitled action.

  In anticipation of a Motion for Entry of Default Judgment being filed, counsel are advised of the following requirements for submission of such motion in order to ensure compliance with Rule 55 of the Federal Rules of Civil Procedure:

  1.  A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits.  The moving party shall also submit an appropriate form of default judgment in the fashion of the draft order attached hereto as Appendix A.  Such compliance shall be completed no later than 14 days after the filing of the motion itself;

  2.  Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

      3.      The Court will take up the motion for default judgment on the papers at the conclusion of the 14 day period.  Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial.  Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

      4.      Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER.  If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket.  Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

**By the Court,**

___

_____

**Dated:_____**    **Deputy Clerk**

**(DefaultStandingOrder.wpd - 12/98)**

AFFIDAVIT OF PLAINTIFF IN SUPPORT OF HIS REQUEST FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 (b) (1)

RE:    **Nasser Sadri v. Denis Riordan, District Director of USCIS of Homeland Security**
       Civil Action #: **04 12640 RCL**

I, Nasser Sadri, hereby state and depose as follows:

1. I, the Plaintiff, NASSER SADRI, am a citizen of Iran, lawfully admitted for Lawful Permanent Residence in 1994. I reside with my wife in Watertown, Massachusetts;

2. On October 1, 2001, I appeared at the Defendant, District Director's Place of Business for a Naturalization Interview. I was told that I had passed the "test" and that I would be notified of a date for an oath ceremony. I have never been notified.

3. The District Director has acknowledged that my naturalization case is properly filed and pending with his office, and although I have requested from him on countless and numerous occasions to proceed with the case and complete it, he has continuously failed and refused to do so. Upon repeated inquiries, written, verbal, and in-person, the District Director's office states that they are still "conducting a name-check" for me.

4. On November 26, 2004, I filed a complaint for a Writ of Mandamus against the Defendant with the First Circuit of the Federal District Court, in Eastern Massachusetts, docket no. 0412640 RCL.

5. On January 3, 2005, via a Special Process Server, I served a Summons along with a copy of Complaint for a Writ of Mandamus, on the District Director at USCIS. The District Director has not responded, till date.

6. The District Director had until March 5, 2005 to submit his answer. He has failed to do so.

7. On April 8, 2005, the Court extended the time for Defendants' response by another 60 days. As of May 31, 2005, I have not received any response.

8. It has been 147 days since the Return of Service was filed. The party has failed to respond.

9. To the best of my knowledge, the defendant is not a person in military service as defined in Article I of the "Soldiers and Sailors Civil Relief Act" of 1940, as amended.

Signed under pains and penalties of perjury this 31ˢᵗ day of May 2005.

_____
Nasser Sadri

## Commonwealth Of Massachusetts

Middlesex, ss.                                             May 31, 2005

On this **31ˢᵗ** day of **May 2005**, before me, the undersigned notary public, personally appeared **Nasser Sadri**, proved to me through satisfactory evidence of identification, which was ___MASS. DRIVERS LICENSE___, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Benjamin B. Tariri
a/k/a Ben Tahriri
Notary Public
My commission expires: May 1, 2009

# Benjamin B. Tariri
*Attorney at Law*

June 13, 2005

SENT ELECTRONICALLY

Civil Clerk of the Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

      RE:    **Nasser Sadri v. Denis Riordan, District Director of USCIS of Homeland Security**
                Civil Action #: **04 12640 RCL**

Dear Clerk of the Court,

Enclosed, please find the following documents:

(1) Motion for Default Judgment;

(2) Motion for Declaratory Judgment;

(3) Plaintiff's Affidavit; and

(3) Standing Order.

Kindly bring these motions to the attention of the Court.

Please contact me should you have any questions or concerns. Your usual courtesies are greatly appreciated. Thank you.

                                                Very truly yours,

                                                _____
                                                /s/ Benjamin B. Tariri, Esq.
                                                a/k/a Ben Tahriri,
                                                Plaintiff's attorney