UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NASSER SADRI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 04-12640-RCL |
| | ) |
| DENNIS RIORDAN, District Director of the United States Citizenship and Immigration Services of the Department of Homeland Security, | ) ) ) ) ) ) |
| | ) |
|     Defendant. | ) |

DEFENDANT'S OPPOSITION TO REQUEST FOR DEFAULT,
OPPOSITION TO MOTION FOR DEFAULT JUDGMENT, AND
<u>MOTION TO DISMISS FOR FAILURE TO PROPERLY SERVE THE DEFENDANT</u>

The defendant Dennis Riordan, through his undersigned counsel, respectfully submits this opposition to the plaintiff's request for entry of default (Docket #3) and plaintiff's motion for default judgment (Docket #5). In addition, the defendant requests that the complaint be dismissed for failure to make proper service upon the defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

<u>BACKGROUND</u>

In this action the plaintiff has sued the District Director of the United States Citizenship and Immigration Services, Department of Homeland Security, seeking mandamus to compel the defendant to adjudicate the plaintiff's application for naturalization. There is no indication in the papers filed by the plaintiff or in the docket

that the plaintiff served a summons and copy of the complaint upon the United States Attorney for the District of Massachusetts or upon the Attorney General of the United States. According to the court docket, a single summons was issued upon the defendant Dennis Riordan on or about December 16, 2004, and a return of service of that summons was filed on January 13, 2005. It is apparent that no service of a summons or complaint has been made upon the United States Attorney or the Attorney General. The defendant has not waived, and does not waive the requirement of service of process.

## ARGUMENT

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR DEFAULT AND DEFAULT JUDGMENT, AND THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SERVICE

The requirements of service of process are jurisdictional in nature, because this is the means by which the court asserts jurisdiction to adjudicate the rights of the parties. See Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). Where service of process was improper, "the governing principles are that a default judgment issued without jurisdiction over a defendant is void, that it remains vulnerable to being vacated at any time, and that such jurisdiction depends on the proper service of process or the waiver of any defect." M&K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364 (1st Cir. 2004). It follows ineluctably that no default or default

judgment should be entered against the United States where proper service upon the United States has not been made.

Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service upon the United States shall be effected by delivering or mailing (by registered or certified mail) a copy of the summons and complaint to the United States attorney for the district in which the action is brought, and by mailing a copy of the summons and complaint to the Attorney General at Washington, D.C. Rule 4(i)(2)(A) provides that:

> Service upon an officer, agency, or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

By its clear terms, Rule 4(i)(2)(A) requires that both the United States Attorney and the Attorney General of the United States, in addition to the officer being sued, be served with a copy of the summons and complaint.[1]

Moreover, dismissal of the complaint is appropriate where, as here, the complaint was filed approximately eight months ago and proper service still has not been made. See McGregor v. United States, 933 F.2d 156 (2d Cir. 1991) (affirming dismissal for failure to serve the Attorney General); McLamb v. U.S. Dept. of Treasury, 858 F. Supp. 1042

---

[1] Upon information and belief, the U.S. Attorney's Office has received no notice of the plaintiff's complaint or his requests for default and default judgment until today.

(S.D. Cal. 1994) (plaintiff failed to comply with either service requirement, case dismissed under 12(b)(5)); <u>Dutkiewicz v. Foster</u>, 88 F.R.D. 85 (D. Mass. 1980) (dismissing a *pro se* plaintiff's action for failure to comply with Fed. R. Civ. P. 4); <u>see also</u> <u>Alvarado Morales v. Digital Equipment Corp.</u>, 843 F.2d 613, 615 (1st Cir. 1988).

In sum, because the plaintiff has not properly served the defendant, the Court lacks jurisdiction; the plaintiff's request for default and motion for default judgment should be denied, and the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the plaintiff's request for default and motion for default judgment should be denied, and the complaint should be dismissed.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:   /s/ George B. Henderson, II
> George B. Henderson, II
> Assistant U.S. Attorney
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3272

Dated: August 23, 2005

## CERTIFICATION

The undersigned counsel certifies pursuant to LR 7.1(a)(2) he attempted on August 23, 2005, to confer with counsel for the plaintiff regarding the defendant's

motion to dismiss.  However, a voice-mail message stated that defense counsel's law office was closed due to vacation until September 13, 2005.

                                              /s/ George B. Henderson, II
                                              George B. Henderson, II